UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 19-53445

WILBERT T. EVANS,  Chapter 13

         Debtor.  Judge Thomas J. Tucker
_____/

**ORDER DENYING FEE APPLICATION WITHOUT PREJUDICE,
AS PREMATURE**

This case is before the Court on a fee application filed by the attorney for the Debtor on April 22, 2020, in a document entitled "Application for Award and Approval of Payment of Pre-confirmation Attorney Fees as an Administrative Expense Through Chapter 13 Plan Pursuant to E.D. Mich. L.B.R. 9014-1 from 09/16/2019 Through 04/15/2020" (Docket # 51). On May 19, 2020, the Debtor's attorney filed a Certification of Non-Response, indicating that no one had filed a timely objection to the fee application.

The Court will deny the fee application, without prejudice as stated below, as premature. It is premature because no Chapter 13 plan has been confirmed yet, and although the fee application says that "the Debtor is contemplating conversion or dismissal of his case at this time," (fee application at ¶ 5), the case has not yet been dismissed or converted. Instead, the case is currently scheduled for an adjourned confirmation hearing to be held on May 28, 2020.

As this Court has held in a prior case, if the Debtor voluntarily dismisses this case, before confirmation of a Chapter 13 plan, the Trustee will be able to pay, and in fact will be required to pay, from funds on hand, any allowed attorney fees of the Debtor's counsel, rather than returning such funds to the Debtor. *See In re Fairnot*, 571 B.R. 767 (Bankr. E.D. Mich. 2017).

The fee application does not demonstrate good cause for the Court to allow fees for the

Debtor's counsel at this time, when no Chapter 13 plan has been confirmed yet. *See generally* 11 U.S.C. § 1326(a)(2). Even if the Court granted a fee application for the Debtor's counsel now, the Chapter 13 Trustee could not disburse any money to the Debtor's counsel from funds on hand in payment of such fees at this time, under § 1326(a)(2).

Accordingly,

IT IS ORDERED that the fee application (Docket # 51) is denied.

IT IS FURTHER ORDERED that this Order is without prejudice to the right of the Debtor's counsel to file a new fee application, after one of the following events has occurred in this case: (1) a plan has been confirmed; (2) the case has been converted to Chapter 7; or (3) the case has been dismissed.

**Signed on May 20, 2020**



/s/ Thomas J. Tucker

**Thomas J. Tucker
United States Bankruptcy Judge**