UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Case No. 19-53445

WILBERT T. EVANS,                                         Chapter 7

        Debtor.                                   Judge Thomas J. Tucker
_____/

**OPINION AND ORDER REGARDING THE CHAPTER 13 TRUSTEE'S MOTION
FOR ORDER DIRECTING DISBURSEMENT OF FUNDS ON HAND**

      This case was filed on September 19, 2019, as a Chapter 13 case, but the Debtor voluntarily converted the case to Chapter 7, on June 10, 2020. No plan was confirmed before the conversion. After the case was converted, the Court entered an order granting the fee application of the Debtor's attorney, as an allowed Chapter 13 administrative expense, on July 7, 2020 (Docket # 72, the "Fee Order"). Soon thereafter, on July 15, 2020, the Chapter 13 Trustee filed a motion entitled "Trustee's Motion for Order Directing Disbursement of Funds on Hand" (Docket # 76, the "Motion"). The Chapter 13 Trustee is holding $9,207.26 in funds, from pre-confirmation plan payments made by the Debtor under 11 U.S.C. § 1326(a)(1)(A). The Motion seeks the Court's direction as to how to disburse these funds, in light of the United States Supreme Court's decision in *Harris v. Viegelahn*, 575 U.S. 510 (2015).

      The Trustee is concerned that because of the conversion of this case to Chapter 7, *Harris* may bar the Trustee from paying the allowed attorney fee to the Debtor's attorney, and instead require the Trustee to disburse all the funds she has on hand directly to the Debtor. The Debtor filed a response to the Motion, through his attorneys, arguing that the Chapter 13 Trustee may (and must) pay the allowed attorney fees before paying anything to the Debtor. No other response to the Motion was filed.

      The Court held a hearing on the Motion, by telephone, on August 19, 2020. Counsel for

the Chapter 13 Trustee and counsel for the Debtor appeared at the hearing.

*Harris* was a Chapter 13 case in which the debtor obtained confirmation of a plan, and made plan payments to the Chapter 13 trustee, but then later converted the case to Chapter 7. In that context, the Supreme Court held that after conversion, the Chapter 13 trustee could not distribute funds on hand to creditors as called for by the confirmed plan, but rather had to return the funds to the debtor.

As this Court stated during the hearing, the Court agrees with the recent ruling and reasoning in the case of *In re Arnold*, No. 19-54252, 2020 WL 2462525 (Bankr. E.D. Mich. May 12, 2020) (Shefferly, J.), and that case's interpretation of the Supreme Court's decision in *Harris*. In *Arnold*, the court held that when a Chapter 13 case is converted to Chapter 7 without a plan having been confirmed, *Harris* is not applicable. Rather, in such cases, the third sentence of 11 U.S.C. § 1326(a)(2) controls the Chapter 13 trustee's disbursement of funds on hand from the debtor's pre-confirmation plan payments, and requires the trustee to pay the allowed attorney fees of the debtor's attorney, before paying anything to the debtor. *See* 2020 WL 2462525, at *2.

This Court finds *Arnold* persuasive, and agrees with it.[1] Accordingly, and under 11 U.S.C. § 1326(a)(2),[2] the Court orders as follows.

---

[1] So does the Debtor's attorney. And the Debtor's attorney stated during the hearing that the Debtor also agrees that the Trustee should use the funds on hand to pay the allowed attorney fees in full, before paying the balance to the Debtor. During the hearing, counsel for the Chapter 13 Trustee stated that the Trustee is neutral on the issue.

[2] Section 1326(a)(2) states:

> A payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable. **If a plan is not confirmed, the trustee shall return any such payments** not previously paid and not yet due and owing to creditors pursuant to paragraph (3) **to the debtor, after deducting any unpaid claim allowed under section 503(b).**

11 U.S.C. § 1326(a)(2) (emphasis added).

IT IS ORDERED that:

1. The Motion is granted, on the terms stated in this Order.

2. The Chapter 13 Trustee must pay the $9,207.26 in funds that she has on hand in this case as follows: first, payment in full of all Chapter 13 administrative claims allowed under 11 U.S.C. § 503(b), including the $6,248.00 unpaid claim allowed in favor of the Debtor's counsel in the Fee Order; then second, payment of any remaining funds to the Debtor.

**Signed on August 19, 2020**



/s/ Thomas J. Tucker
**Thomas J. Tucker
United States Bankruptcy Judge**